UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE RAMSEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| KOHL'S DEPARTMENT STORES, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant. | ) (Telephone Consumer Protection Act) |

## COMPLAINT

MICHELLE RAMSEY ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC. ("Defendant"):

## INTRODUCTION

**1.** Plaintiff's Complaint is based on Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bensalem, Pennsylvania 19020.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at N56 West, 170000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around February 2015, and continuing through June 2016, Defendant called Plaintiff on her cellular telephone on a repetitive and

continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant used automatic and/or pre-recorded messages since the calls began with a pre-recorded or computer-generated voice.

15. Defendant's calls were placed for non-emergency purposes, as Defendant was calling Plaintiff regarding her store card account balance.

16. Desiring to stop the calls, Plaintiff spoke to Defendant in February 2015 and revoked any consent Defendant had to call her on her cellular telephone.

17. In response to Plaintiff's request to stop calling, Defendant continued to talk over Plaintiff.

18. Once Defendant was aware that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

19. Defendant, however, failed to update its records to stop calls to Plaintiff's cellular telephone.

20. Defendant continued to make autodialed and automated calls to Plaintiff's cellular telephone, despite Plaintiff's repeated requests to stop calling.

21. These calls were frustrating and annoying for Plaintiff since

Defendant contacted her while she was actively engaged in work as a commercial painter.

22. Plaintiff told Defendant that she was unable to talk while at work, but Defendant continued to call Plaintiff an excessive number of times per day.

23. After Plaintiff's numerous requests to stop the calls were ignored by Defendant, she had no other option but to download a blocking application to block calls from Defendant's phone numbers.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TCPA**

25. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

26. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

27. Despite the fact that Plaintiff revoked any consent that may have been previously given for Defendant to place calls to her in February 2015, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

29. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, MICHELLE RAMSEY, respectfully prays for judgment as follows:

    a. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    b. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    c. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE RAMSEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 6/24/2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff